# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL THOMAS FOSTER,<br><br>Defendant. | Case No. 15-MJ-296<br><br>ORDER FOR PRETRIAL DETENTION |

On the 5th day of October, 2015, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Special Assistant United States Attorney Erin R. Eldridge. The Defendant appeared personally and was represented by his attorney, Alfred E. Willett.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 1, 2015, Defendant Samuel Thomas Foster was charged by Criminal Complaint (docket number 2) with possession of a firearm by an unlawful user of a controlled substance. At the hearing, FBI Special Agent Thomas J. Pearson testified regarding the circumstances underlying the instant charge. On April 14, 2015, law enforcement authorities found a stolen air compressor in Defendant's garage. Authorities were led to the site by a GPS device located on the compressor. While looking in the garage, authorities also saw marijuana and drug-related paraphernalia. After obtaining a search warrant for the garage and Defendant's apartment, authorities found marijuana, hydromorphone, a bong, a stolen Smith & Wesson model 31 revolver, a black holster, and a .9 mm magazine with ammunition.

A search of Defendant's phone revealed that he had a storage locker in Cedar Rapids. Authorities obtained a search warrant to allow a drug dog to sniff the area. After the dog alerted on Defendant's storage unit, authorities obtained a second search warrant. Inside the storage unit, authorities found marijuana, packaging, and a stolen Ruger .22 caliber rifle. W.H. told authorities that Defendant had been smoking and selling marijuana for years.

W.H.'s testimony is supported by text messages found on a phone belonging to Garrett Barton, a prison guard at the Anamosa State Penitentiary. Agent Pearson also testified regarding circumstances suggesting Defendant assisted Barton in smuggling contraband into the prison.

According to the pretrial services report, Defendant is 29 years old, has never been married, and has no children. With the exception of one year spent in the Marine Corps, Defendant has always lived in eastern Iowa. Prior to his arrest, he was living with his girlfriend in Cedar Rapids and would return to that residence if released. Defendant has been employed for the past seven months as a diesel mechanic and could return to that employment if released.

Defendant has suffered a number of serious injuries as the result of a training accident in the Marine Corps, a car accident, and two work-related injuries. Defendant has also seen a mental health professional since 2008, and is currently prescribed medication for anxiety and depression.

In 2005, Defendant was charged with theft in the second degree. He received a deferred judgment and successfully discharged from probation in August 2007. In 2014, Defendant was charged with eight drug-related counts in Rock Island, Illinois. He was released on bond on August 12, 2014, and those charges are still pending. On April 15, 2015, Defendant was charged in state court regarding the events surrounding the search of his garage and apartment. Those charges are still pending.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial

3

officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm by an unlawful user of a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Given the limited testimony offered at a detention hearing, it is difficult for the Court to weigh the evidence in this case. It is apparently undisputed that a stolen firearm was found in the storage unit rented by Defendant. Whether he was an unlawful user of

4

a controlled substance in April 2015 remains an issue for the jury. In determining whether Defendant is a danger to the community if released, however, the Court can also consider his other activities. There is strong evidence that Defendant was in possession of stolen construction equipment, was in possession of two stolen firearms, was selling drugs, and assisted in smuggling contraband into a prison. All of these criminal activities occurred while Defendant was on pretrial release on the multiple drug charges in Illinois. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 6th day of October, 2015.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA